IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRIAN HAMILTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DR. JAVATE; DR. HEDDEN; R.N. WALL; SRYN GRANT; DR. R. DELGADO; DR. G. THIEL; L.D. ZAMORA; J. KELSO,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　　／ | No. C 12-4279 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS; DENYING MOTIONS FOR SUMMARY JUDGMENT AND FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 17, 29, 30) |

## INTRODUCTION

Plaintiff, an inmate at California State Prison, Soledad, filed this pro se civil rights action pursuant to 42 U.S.C. 1983. Defendants have filed a motion to dismiss the case pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure, for failure to state a claim upon which relief can be granted. Plaintiff opposed this motion by filing a motion for summary judgment. Defendants and plaintiff filed reply briefs. For the reasons discussed below, the motion to dismiss is **GRANTED**. Plaintiff's motions for summary judgment is **DENIED**, as is his second motion for appointment of counsel.

## ANALYSIS

**A.　STANDARD OF REVIEW**

Failure to state a claim is a grounds for dismissal under Rule 12(b)(6) of the Federal

Rules of Civil Procedure. Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S.

2

1 at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**B.    ANALYSIS**

Plaintiff alleges that he suffers from chronic cervical pain and that defendants denied him necessary medical treatment while he was housed at the California Traninig Facility ("CTF"). Specifically, plaintiff claims that defendants denied him x-rays and an M.R.I. of his spine between June 2011 and July 2012 because they believed that he was faking his injury and they wanted him to take these tests after he was paroled. In order to establish a violation of his Eighth Amendment rights, plaintiff would have to show that defendants were deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

With respect to the x-rays, it is assumed at this stage of the proceedings, when all inferences must be drawn in plaintiff's favor and all allegations liberally construed, that he was in fact in severe pain and that x-rays were medically necessary. However, his medical records show that plaintiff did in fact receive x-rays of his spine between June 2011 and July 2012 (Compl. 32-36). Two sets of x-rays were taken on July 18, 2011, and a third set were taken on June 29, 2012 (*ibid.*).

These medical records also show that plaintiff had no medical need for an M.R.I. between June 2011 and July 2012. The x-rays taken in July 2011 showed that his spinal condition was relatively normal, that he had no fractures or subluxation, and that he only had "mild" or "minimal age appropriate" degeneration (*id.* 32-33). Based upon these results, on January 27, 2011, Dr. Javate concluded that no M.R.I. was necessary (*id.* 35-38). The x-rays taken on June 29, 2012, showed "moderate to severe" degeneration, but the radiologist opined only that an M.R.I. "can be considered . . . if necessary" (*id.* 34). Plaintiff's allegation that he needed an M.R.I. amounts to no more than a disagreement between him and Dr. Javate and the radiologists, neither of whom found that an M.R.I. was medically necessary. Such a disagreement does not amount to deliberately indifference within the meaning of the Eighth Amendment. *See Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) ("A difference of

opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim."). Furthermore, the medical records attached to the complaint show that throughout plaintiff's stay at CTF, including between June 2011 and July 2012, plaintiff was seen numerous times by medical staff in the prison, taken to chiropractors outside the prison, and prescribed pain medication, including aspirin and naproxen (Compl. 24-29, 68).

The complaint does not state a cognizable claim that defendants violated his Eighth Amendment rights by failing to give him x-rays and an M.R.I. for his spine between June 2011 and 2012 because medical records attached to the complaint establish that he did in fact receive x-rays — in addition to pain medication and other medical care — and there was no medical necessity for an M.R.I. during that time. Accordingly, defendants' motion to dismiss will be granted, and plaintiff's motion for summary judgment will be denied. The claims cannot be cured by amendment because the medical records show that he did not receive constitutionally inadequate medical care for his spine during the relevant time period. Accordingly, leave to amend the complaint will not be granted.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss (dkt. 17) is **GRANTED**, plaintiff's motion for summary judgment (dkt. 30) is **DENIED,** and the motion for appointment of counsel is **DENIED** as moot (dkt. 29).

The clerk shall close the file and enter judgment in defendants' favor.

**IT IS SO ORDERED.**

Dated: April __19__, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\HAMILTON4279.MTD.wpd

4